## CARPENTER a. DANFORTH.

*Supreme Court, First District ; Special Term, June,* 1865.

INJUNCTION.—CONSTRUCTIVE FRAUD.

Where a defendant fully answers, in words, the equities of the complaint, it does not follow necessarily that an injunction should be dissolved, particularly where its continuance could be of no pecuniary damage to the defendants, and is necessary to the full satisfaction of the plaintiff's demand.

Though the relation of trustee and *cestui que trust* does not strictly exist between parties, yet their relation to each other, and the subject-matter of the transaction, may be such as to require the fullest disclosure of facts known by one party, to preclude the presumption of fraud.

Motion to dissolve an injunction.

The complaint of the plaintiff, Francis B. Carpenter, set up the following facts : that he was the administrator of Lloyd Glover, who had during his lifetime formed with the defendant, George H. Danforth and others, the "National Bank Note Company ;" that the plaintiff's decedent and Glover had both been active trustees in the management of the company ; that the company had declared no dividends, applying all its profits to the enlargement of its business and accumulation of materials ; that at the time of Glover's death he owned 136 shares of the stock, of the par value of $50 per share, subject, however, to liens to very nearly the amount of its par value ; that after Glover's death there being no market quotations of the stock, and the plaintiff being utterly ignorant of the affairs of the company, he was induced, by the representations of the defendant Danforth of his friendliness to Mr. Glover's children, and by his concealment of the state of the company, to sell the stock to him at $60 per share ; that at the time of the sale the assets and condition of the company, as known to the defendant Carpenter, rendered the stock of much higher value ; and that within five months after, it declared a dividend of 310 per cent., and again within thirteen months of 200 per cent. ; that the

defendant had used pressure to procure the sale to be made immediately, and had had the stock conveyed to the other defendant, James A. Williamson, but for his, Danforth's, use.

The complaint asked for restitution of the stock, and an accounting for the dividends received upon it by the defendants, and an injunction.

An injunction was accordingly granted, restraining the defendants from transferring, or disposing, or using the stock.

The defendant Danforth answered, admitting the purchase, and that he was one of the trustees of the company, but denying any special knowledge of the pecuniary affairs of the company beyond that of any stockholder; denying all pretences of friendly feelings towards Mr. Glover's children; and setting up that the condition of the company at the time of the purchase was such, owing to the worthless nature of a large portion of their assets, and the contingent nature of another part, that $60 per share was a good price, and larger than others were willing to pay, and added letters to show that the whole transaction was free from fraud or overreaching on his part.

On the answer and on affidavits, the defendants moved that the injunction be dissolved.

*Evarts, Southmayd & Choate*, for the motion.

*E. N. Taft*, opposed.—I. To bring the case within the principle governing purchases by a trustee from his *cestui que trust*, it is not necessary that the trustee should have the legal title as technical trustee of the other; any analogous relation of a fiduciary character is within the rule. (The York Building Co. *a.* McKensie, *Brown's P. C.*, 8 *Tomlin's Ed.*, 42, 64; Farnam *a.* Brooks, 9 *Pick.*, 231; *Willard's Eq. Jur.*, 169; *Story's Eq. Jur.*, §§ 308–315, 321, 323; Poillon *a.* Martin, 1 *Sandf. Ch.*, 569; Gibson *a.* Jeyes, 6 *Ves.*, 277, 278; Huguenin *a.* Baseley, 3 *Leading Cases in Eq.*, 94 [*463], and notes; notes to Keech *a.* Sandford, 1 *Ib.*, 91; Fox *a.* Mackreth, *Ib.*, 194, 208; Van Epps *a.* Van Epps, 9 *Paige*, 241; Torrey *a.* Bank of Orleans, *Ib.*, 662; Claflin *a.* The Farm. & Cit. Bank of L. I., 25 *N. Y.*, 293.)

II. The relation between the defendant Danforth and the plaintiff, administrator of the deceased stockholder, was one of

confidence. In respect to the subject-matter of the sale, the former was the *quasi trustee* or agent, and the latter the *cestui que trust* or principal (Scott *a.* De Peyster, 1 *Ed. Ch.*, 513; Verplanck *a.* Mercantile Ins. Co., *Ib.*, 84; Robinson *a.* Smith, 3 *Paige*, 230; Cunningham *a.* Pell, 5 *Ib.*, 607; 3 *How. U. S.*, 133); and though a person in that relation may not be absolutely prohibited from becoming the purchaser from the other, he cannot profit by his superior knowledge and buy at an inadequate price, nor without disclosing every fact which is material to the sale or affects its expediency. (Cumberland Coal Co. *a.* Sherman, 30 *Barb.*, 553; Aberdeen Railway Co. *a.* Blakie, 1 *Macqueen*, 461, 471; Poillon *a.* Martin, 1 *Sandf. Ch.*, 569; Farnam *a.* Brooks, 9 *Pick.*, 231; 1 *Story's Eq. Jur.*, §§ 315, 323; *Willard's Eq. Jur.*, 190; Brooke *a.* Berry, 2 *Gill.*, 83, 102; Gibson *a.* Jeyes, 6 *Ves.*, 277; 5 *Serg. & Rawle*, 65; Howell *a.* Ransom, 11 *Paige*, 538; Van Epps *a.* Van Epps, 9 *Ib.*, 238; *Ib.*, 662; 4 *Cow.*, 736, 740.)

SUTHERLAND, J.—Though probably the relation of trustee and *cestui que trust* did not strictly exist between the plaintiff and Danforth, yet considering their situation and relations to the stock in question, I think Danforth was bound to disclose to the plaintiff all the material facts within his knowledge, which tended to enhance the value of the stock, and which might result in enabling the company to declare the enormous dividends which it did declare subsequently.

Whether the defendant Danforth did, or did not do so, can be better and more safely determined after the trial than on this motion.

Though the answer is drawn with great precision and fulness, and may be said fully to answer the equity of the complaint in words, yet I do not think it follows, as matter of course, that the continuance of the injunction should be denied.

I do not think I should be justified in dissolving the injunction before the trial, particularly as I cannot see that the retention of the injunction can be of any pecuniary damage to the defendants; while if the plaintiff finally succeeds in the action, he will be entitled, among other things, to a re-transfer of the specific stock.

As to the plaintiff's subsequent letter to the defendant, it is difficult to give due effect to it, until the trial of the main issue as to the alleged original undue advantage.

The motion to continue the injunction must be granted, with $10 costs to abide the event of the action.